UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN W. GELISH,<br><br>      Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF HEALTH COMMISSIONER ASHWIN VASAN; MARTHA ADAMS SULLIVAN; MYRA RECON-BUCEVIC,<br><br>      Defendants. | 23-CV-10969 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action against federal, state, municipal, and private defendants. By order dated February 29, 2024, the Court dismissed this action under 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), for failure to state a claim on which relief may be granted and because Plaintiff seeks monetary relief against defendants who are immune from suit. The Court granted Plaintiff leave to file an amended complaint against Defendants City of New York and New York City Department of Health Commissioner Ashwin Vasan. The Court declined to grant Plaintiff leave to amend his claims against Martha Adams Sullivan, Executive Director of Creedmoor Psychiatric Center, and Dr. Myra Recon-Bucevic, a treating physician at Queens Village Jamaica Wellness and Recovery Center, because this District did not appear to be a proper venue. Rather, the Court noted, the United States District Court for the Eastern District of New York appeared to be the proper venue for such claims.

  On March 27, 2024, Plaintiff filed a motion to transfer this action to the Eastern District of New York. In his motion, he argues against

> bifurcating the claims against the City of New York and Commissioner Vasan from the claims against Creedmoor Director Sullivan and Recovery Center

> District Recon-Bucevic . . . [and] instead requests leave to transfer . . . so that a comprehensive amended complaint [may] be filed addressing the claims against each of these entities all together in one complaint rather than in separate actions in separate courts given their relation[ship] with one another.

(ECF 9 ¶ 2.) The Court agrees and grants Plaintiff's motion to transfer this action to the Eastern District of New York. This decision is without prejudice to any defenses Defendants may wish to assert in response to any amended pleading Plaintiff files in the Eastern District.

## CONCLUSION

The Court grants Plaintiff's request to transfer venue to the United States District Court for the Eastern District of New York (ECF 9). The Court directs the Clerk of Court to transfer this action to the Eastern District of New York. Local Civil Rule 83.1, directing the Clerk of Court to effectuate transfer seven business days from the date of this order, is waived.

This case is closed. All documents Plaintiff seeks to file in the future should be filed in the Eastern District of New York, following that court's assigning a docket number to the transferred action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 1, 2024
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge